```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

CHARLES GRAY PAYNE,              )
                                 )
            Petitioner,           )
                                 )
        v.                       )      1:09CV719
                                 )
ALVIN W. KELLER, JR.,            )
                                 )
            Respondent.           )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 13, 2007, Petitioner was convicted by a jury of second-degree sexual offense and sentenced to 100 to 129 months of imprisonment in case 06CRS57052. Petitioner did pursue a direct appeal, but his conviction and sentence were affirmed by the North Carolina Court of Appeals. On April 10, 2008, the North Carolina Supreme Court dismissed Petitioner's notice of appeal, denied discretionary review, and denied a motion for appropriate relief that Petitioner had also filed. Petitioner did not seek certiorari from the United States Supreme Court or seek further review in the state courts. Instead, he next dated his instant Petition as being signed on September 15, 2009 and mailed it to this Court. It was received on September 17, 2009. Respondent has now filed a motion to dismiss the Petition. Despite being advised of his right to file a response to the motion, Petitioner has not done so.

**Discussion**

Respondent requests dismissal on the ground that the Petition was filed[1] outside of the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court declines to consider this matter further.

-2-

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, Petitioner did pursue a direct appeal in the state courts. His request for review was denied by the North Carolina Supreme Court on April 10, 2008, which gave him 90 days, or until July 9, 2008, to seek certiorari from the United States Supreme Court. He did not, meaning that time to file a federal habeas petition began to run on that date. It then expired a year later without Petitioner having sought federal collateral review. In fact, he did not file the Petition until at least September 15, 2009, more than two months late. Petitioner has made no arguments seeking equitable tolling and no grounds for such relief appear in the record.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket Entry 6) be **GRANTED**, that the Petition (Docket Entry 1) be **DISMISSED**, and that Judgment be entered **DISMISSING** this action.

                                      /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                        **United States Magistrate Judge**

October 5, 2010